UNITED STATES, Appellee,

v.

Private (E-2) Douglas G. FRANKLIN, SSN 385–64–8279, United States Army, Appellant.

SPCM 12212.

U. S. Army Court of Military Review.

15 June 1977.

Captain Donald R. Jensen, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Buren R. Shields, III, JAGC.

Captain Dana C. McCue, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Laurence M. Huffman, JAGC.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

---

## OPINION OF THE COURT

COOK, Senior Judge:

During the course of the post-trial interview appellant asserted "that his defense counsel didn't care enough or try hard enough in his behalf." The counsel to whom appellant was referring nevertheless was designated to perform the review of the staff judge advocate's post-trial review as required by *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975) and he so acted in that regard. For all the record shows, this same counsel was the one assigned to perform the other post-trial duties envisioned by *United States v. Palenius*, 2 M.J. 86, 92–93 (1977).

While I do not impugn either the integrity or the ability of the trial defense counsel, nor do I find any basis in the record that would lend credence to appellant's disparaging remark, I am nonetheless of the firm view that appellant had made clear his lack of continued confidence in his trial defense counsel. Under such circumstances, I believe the Government erred in perpetuating defense counsel in that role absent an expression of renewed acceptance by the appellant.*

The action of the convening authority, dated 25 June 1976, is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action. For such proceedings the appellant should be accorded the right to counsel in accordance with Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b).

DRIBBEN, Judge, concurring in result:

The staff judge advocate should have caused appellant's statements about his counsel to have been more fully developed to ascertain whether he did in fact want to discharge his attorney and if so, to then ascertain whether there was good cause shown which would warrant severing the attorney-client relationship.** Since this was not done, I reach the same result as Judge Cook.

DeFORD, Judge, dissenting:

I am unable to agree with the majority's stated disposition of this case.

Here, as I read the majority opinion, it is stated that during a post-trial interview, as reported in the post-trial review, the appellant asserted "that his defense counsel didn't care enough or try hard enough in his behalf." This statement, the majority concludes, is sufficient to determine that: (1) the appellant demonstrated his lack of confidence in his counsel; (2) that this manifestation of lack of confidence placed an affirmative duty on the Government to inquire of the appellant concerning whether he desired a replacement counsel; and (3) that, in the absence of a showing of such an inquiry, the appellant had a legal right to a replacement counsel in order to accomplish the review mandated by *United States v.*

---

* I do not agree that the cases cited by Judge DeFord in his dissent, dealing with situations in which the Government severed an attorney-client relationship, establish the standard or criteria for determining when a client may renounce, or has in fact renounced, such a relationship.

** This responsibility was set forth in *United States v. Reynolds*, 19 C.M.R. 850 (A.F.B.R. 1955) as follows:

"[I]n criminal cases, and particularly in our court-martial system any attack upon the professional competency of a defense counsel in a particular case is a matter which cannot, and should not, be lightly dismissed. Particularly is this so where the case is pending review and such remarks become of record for the consideration of all persons charged with the post-trial judicial proceedings. We believe that no one will deny that when the substance of accused's remarks in question came to the attention of the legal advisor to the convening authority, it was incumbent upon that officer to make some inquiry into the matter and to satisfy himself as to its merits before making a recommendation to his convening authority on the legal sufficiency of the case. *In fact, a Staff Judge Advocate coming into information of this character who did nothing about it could well be considered derelict in his duties*—a point conceded by both government and defense appellate counsel." 19 C.M.R. at 853 (Emphasis supplied).

*Goode.*[1] I am deeply concerned over the consequence of this last statement as in my view, the majority is saying that any time an appellant objectively manifests an opinion which could be interpreted to express lack of confidence in his counsel and there yet remains a substantial aspect of the pretrial, trial or post-trial proceeding, that appellant is legally entitled to a new counsel within the meaning of Article 38(b) of the Code.[2]

Article 38(b) of the Code[3] guarantees an accused the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or defense counsel detailed to him pursuant to Article 27.

In addition, it has long been mandated that this right continues during all critical stages of the proceedings.[4]

The case law pertaining to the severance of the attorney-client relationship once established appears to be based upon good cause shown.[5]

In *United States v. Walker*[6] the Court determined that an accused is entitled to an attorney of reasonable competence whether that attorney is one of his own selection or appointed for him.[7]

Further, the burden is on the appellant to establish that he was not represented by counsel of reasonable competence[8] and a mere statement of inadequacy unsupported by an affirmative factual basis is insufficient to set aside an otherwise valid conviction.[9]

The foregoing authorities only establish the legal framework in which to consider the appellant's remark during the post-trial interview and its impact on this case.

The staff judge advocate reported that the appellant claimed he had been framed and made the following synopsis in the post-trial interview: ". . . he feels that there could have been several more helpful witnesses (PFC Miller and Private Brown) who were not called for the trial. These witnesses were hard to locate before trial and he feels that his defense counsel didn't care enough or try hard enough in his behalf. He would like to have had a civilian lawyer but couldn't afford one."

From the foregoing statement it is difficult to ascertain whether the appellant's complaint was grounded upon his dissatisfaction with (1) the fact that the two soldiers were not called as witnesses, (2) his appointed counsel, or (3) the results of his trial. In addition, the record doesn't advise us whether the staff judge advocate or his staff inquired into this matter.

The defense counsel in this case was not only a member of The Judge Advocate General's Corps but also an attorney at law. As such, he was an officer of the court-martial exercising a privilege or franchise to the enjoyment of which he has been admit-

1. 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

2. Article 38(b), Uniform Code of Military Justice.

3. *Id. See also* paragraph 46 and 48, Manual for Courts-Martial, United States, 1969 (Revised edition).

4. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *United States v. Tellier*, 13 U.S.C.M.A. 323, 32 C.M.R. 323 (1962). *See also United States v. Nichols*, 8 U.S.C.M.A. 119, 23 C.M.R. 343 (1957); *United States v. Gunnels*, 8 U.S.C.M.A. 130, 23 C.M.R. 354 (1957).

5. *See United States v. Tellier, supra; United States v. Timberlake*, 22 U.S.C.M.A. 117, 46 C.M.R. 117 (1973). These cases deal with Governmental action which effectively sever the attorney-client relationship.

6. 21 U.S.C.M.A. 376, 45 C.M.R. 150 (1972).

7. *Id.* at 152. *See also United States v. Schroder*, 47 C.M.R. 430 (A.C.M.R.1973); *United States v. Gaillard*, 49 C.M.R. 471 (A.C.M.R. 1974). The military rule with regard to adequacy appears to parallel the prevailing Federal rule. *See* authorities cited in *United States v. Walker, supra* and 74 A.L.R.2d 1390.

8. *United States v. Zuis*, 49 C.M.R. 150, 158 (A.C.M.R.1974).

9. *In re Parker*, 423 F.2d 1021 (8th Cir. 1970).

ted, not as a matter of right, but upon proof of fitness, through evidence of his possession of satisfactory legal attainments and fair private character.[10] Every attorney is entitled to the presumption that he is acting in the best interests of those to whom he is appointed or employed to represent.[11]

We have no indication that the two witnesses mentioned were even relevant to the case.[12] Finally, the appellant did not request a replacement counsel nor is there any indication that he disagreed with the actions taken by his attorney during the *Goode* review.

Accordingly, I am convinced that the appellant has not shown good cause which would warrant a severance of the attorney-client relationship nor has he or his appellate counsel established any evidence that he was not competently represented at trial much less a sufficient showing to overcome the presumption set forth above. I view his statement as only an expression of his dislike of his then current status, *i. e., sour grapes.* I would affirm his sentence.

---

**10.** *See* Article 27, UCMJ; *In re Durant,* 80 Conn. 140, 67 A. 497.

**11.** *In re Fisher,* 7 Cir., 179 F.2d 361, *certiorari denied, Kerner v. Fisher,* 340 U.S. 825, 71 S.Ct. 59, 95 L.Ed. 606. *See also* Volume IX, Section 2534, Wigmore on Evidence; *United States v. Zuis, supra.*

**12.** It would have been unethical behavior for a defense counsel to allude to any matter that he

had no reasonable basis to believe would be relevant. *See* DR 7–106(c)(1), Code of Professional Responsibility, American Bar Association. In addition, I note that had the defense desired these witnesses all they were required to do was make a request and show their materiality. *United States v. Willis,* 3 M.J. 94 (C.M. A.1977).