## UNITED STATES

v.

## Airman Phillip D. POPE, FR
## 495–68–8730.

## ACM 22192.

U. S. Air Force Court of Military Review.

Aug. 18, 1977.

### ORDER

On consideration of appellate government counsel's MOTION FOR RECONSIDERATION, dated 11 August 1977, and noting that appellate defense counsel have filed a REPLY TO MOTION FOR RECONSIDERATION, dated 16 August, 1977,

NOW, THEREFORE, it is by the Court, this 18th day of August, 1977,

ORDERED:

That the MOTION FOR RECONSIDERATION be, and the same is, hereby DENIED, for the following reasons:

In our original decision in this case, *United States v. Pope*, 3 M.J. 1037 (A.F.C.M.R.

judge to place qualifying personnel records before the fact finders solely on a *sua sponte* basis.

19 July 1977), we found error in the admission of certain evidence obtained from a search of the accused, set aside the findings of guilty and dismissed the Charge. Appellate government counsel timely filed a motion for reconsideration of our decision on the ground that the evidence obtained from the accused was found during a "protective frisk" for weapons of the sort described in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).[1] We disagree and deny the motion.

In *Terry*, the Supreme Court upheld a "carefully limited search" by an officer, without warrant and without cause for arrest, where the officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety . . .." 392 U.S. at 30, 88 S.Ct. at 1884.

■ Several factors distinguish this case from *Terry, supra*. First, the accused was *apprehended* prior to the search in question. Thus, the question is not whether there were reasonable grounds to search the accused—no one questions the right of an arresting officer to search the arrested party, see *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964)—but whether probable cause existed prior to the apprehension to sustain it. Once a person is apprehended, his constitutional rights against unreasonable search must be left to the courts to protect. Instead, we must look to the circumstances prior to apprehension to find reasonable grounds for it.

■ Without completely restating the facts, which are detailed in our original opinion, it is clear that there were reasonable grounds for the apprehension of Barfield, the party who transferred the hashish to Special Agent Coons. However, as we held before, such grounds did not exist as to the accused. The fact that Special Agent Woods, who made the apprehension of all three of the airmen in the Government's vehicle, believed he had probable cause based upon Agent Coons's accidental signal, is not dispositive, for Agent Woods's reasonable grounds can only rest on the information possessed by Agent Coons.[2] Coons only knew that Barfield agreed to transfer hashish; that Barfield had talked to the accused and Airman Katz on two occasions; and, that the accused, with Katz, had entered the automobile with Barfield to go to the site of the rock concert.[3] Even Coons was reluctant to state that he believed he had reasonable grounds to apprehend the accused and Katz. He testified that he intended to try to buy narcotics from one of the people in the back seat since he "felt that the other people knew [Barfield] had hashish and that *possibly* they might have some drugs too," (emphasis added) but he accidentally turned on the car's lights which signalled Woods and the others to swoop down on the car. He further stated that he did not "mean for an apprehension to take place at that time." At most he believed that the accused and Katz were "aiding and abetting."

Hence, the "reasonably prudent officer" test enunciated in *Terry, supra*, does not apply here.

---

1. Appellate defense counsel filed a general opposition to the motion without brief.

2. Here unless Coons possessed sufficient information to justify an apprehension, Woods's subsequent actions must fall. It would be ludicrous to view the apprehension solely in terms of the reasonableness of Woods's actions. No doubt, Woods felt that Coons's signal gave him reasonable grounds to apprehend all the parties in the car. But, of course, this would be true whether any crime occurred or not since his knowledge was based solely on the implications of the signal Coons gave.

3. Since the automobile was owned by the Government, and the accused was there at the invitation of the Government agent, the many cases concerning automobile searches do not apply here.

Second, the Government seeks to justify the "frisk" as a search for weapons. There is ample authority for a policeman to search a suspect for weapons prior to arrest if he reasonably feels that he is in danger. However, this concept does not provide blanket justification to search under any circumstances. As the Supreme Court held in *Sibron v. New York*, 392 U.S. 40, 64, 88 S.Ct. 1889, 1903, 20 L.Ed.2d 917 (1968):

> The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so. In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.

In the instant case, the officers were solely interested in finding drugs, an offense not necessarily associated with weapons. See generally *Sibron, supra.* The circumstances provide no indication that the accused was, or might be, armed with a weapon, or that the apprehending officer's search of the accused was reasonably motivated by such eventuality.

In sum, this case presents a unique factual situation. Almost any variance from the evidence presented would result in a different holding. What we held before is simply that there was not sufficient evidence presented to justify the apprehension (and subsequent search) of the accused. Had he been tied more closely to Barfield, had he overtly acted in concert with Barfield, had he expressed his approval of and willingness to participate in the transfer of hashish, the apprehension would have been authorized. Instead, he appears, from the evidence to have merely been a bystander. As such, he did not sacrifice his constitutional right to privacy. Even the fact that Barfield talked to the accused and Katz, without more, does not establish a concert of purpose, for they might have been talking about the rock concert, or "the World Series . . . [or] about prize fights." *Sibron v. New York, supra,* at 47, 88 S.Ct. at 1894. It

may well be that the accused was integrally involved in the scheme to transfer the hashish, but this we will never know because of Coons's precipitate signalling. In any event, on the evidence presented, there were insufficient reasonable grounds for his apprehension and search.

The motion for reconsideration is

DENIED.

Order by EARLY, Senior Judge, in which ABRAMS, Chief Judge, concurs.

FORAY, Judge, absent.