UNITED STATES, Appellee,

v.

Private First Class Ronald L. HATHAWAY, SSN 500–64–2635, United States Army, Appellant.

SPCM 12623.

U. S. Army Court of Military Review.

29 Aug. 1977.

**1074**

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, Captain Richard A. Kirby, JAGC, and Captain Robert D. Newberry, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

### OPINION OF THE COURT

DRIBBEN, Judge:

Appellant, contrary to his plea, was convicted of larceny in violation of Article 121, Uniform Code of Military Justice, (UCMJ), 10 U.S.C. § 921.

During the post-trial interview, appellant indicated that he "felt that his defense counsel did not have 'confidence' in him and was not adequately prepared for trial." Despite appellant's evinced dissatisfaction with his trial defense counsel, the latter was served with the record of trial and the staff judge advocate's post-trial review, with the opportunity to comment thereon.

United States v. Goode, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). The same trial defense counsel was apparently the one who had the duty to represent appellant during every stage of the post-trial process. *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977).

When a client attacks the professional competency of his trial defense counsel, it is incumbent upon the staff judge advocate to inquire into the matter and determine whether appellant desires to discharge his defense counsel. Such an inquiry does not in any way indicate that the staff judge advocate concurs in the client's disparagement of his trial defense counsel; nor should our opinion be so construed. The staff judge advocate's only objective, as is this Court's, is to insure that the client is represented by counsel in whom he has confidence and trust and not one with whom he is dissatisfied. *United States v. Reynolds*, 19 C.M.R. 850 (A.F.B.R.1955), emphasized the importance of an inquiry into the matter of the adequacy of counsel by stating, "In fact, a Staff Judge Advocate coming into information of this character who did nothing about it could well be considered derelict in his duties."

Upon inquiry, the appellant may state that he is no longer dissatisfied with his counsel, and nothing further need be done. It is also possible that the appellant, for whatever reason, may want to renounce his relationship with his defense counsel.* If that is the case, he must be afforded the right to new defense counsel in accordance with Article 38(b), UCMJ.

As no inquiry was made in the instant case, appellant's desires are unknown. Corrective action therefore is required.

The action of the convening authority, dated 25 January 1977, is hereby set aside subject to the following qualifications. The record of trial is returned to The Judge

---

* " . . . because of the peculiar nature of the relation of attorney and client, the law goes even further and permits the termination thereof in a manner not recognized with respect to other contracts. . . . The client has the absolute right to discharge the attorney and terminate the relationship at any time even without cause, no matter how arbitrary his action may seem . . . ." 7 C.J.S. Attorney and Client § 109 (1937).

Advocate General for transmittal to the same or a different convening authority. If, upon inquiry by the staff judge advocate, appellant renews his acceptance of his trial defense counsel, the record will be returned to this Court together with an affidavit of the staff judge advocate to that effect. If, however, appellant renounces his trial defense counsel, a new review and action will be accomplished, for which appellant will be accorded the right to counsel in accordance with Article 38(b), UCMJ.

Judge DeFORD absent.

COOK, Senior Judge, concurring in the result:

I concur based on my views expressed in *United States v. Ross*, 3 M.J. 878 (A.C.M.R. 1977) and *United States v. Franklin*, 3 M.J. 785 (A.C.M.R. 15 June 1977).