**UNITED STATES, Appellee,**

v.

**Private (E–1) Lee M. STITH, Junior, SSN 227–82–8680, United States Army, Appellant.**

**CM 436210.**

U. S. Army Court of Military Review.

24 July 1978.

Captain Joseph W. Moore, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, and Captain John E. Caulking, JAGC.

Captain Michael J. Wall, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Douglas P. Franklin, JAGC.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

CLAUSEN, Chief Judge:

Subsequent to the completion of his trial, appellant addressed a letter to the convening authority questioning the professionalism and fitness of his trial defense counsel. The staff judge advocate included appellant's comments in the post-trial review and then, pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), served a copy of the review on the same defense counsel for examination and rebuttal. The defense counsel returned the review without comment, and the convening authority approved the sentence as adjudged.

We agree with appellant that a new review and action are required under the circumstances of this case. In *Goode*, the Court of Military Appeals created the requirement that the staff judge advocate's review be served on counsel for the accused in order that any matter deemed erroneous, inadequate, or misleading could be challenged or corrected, or so that other comments could be made on the accused's behalf. If he is to be able conscientiously to carry out the responsibilities set out in *Goode*, the defense counsel upon whom the staff judge advocate's review is served must be in a position to act freely and as an advocate for the accused to put forward his client's contentions concerning the fairness of the trial, any errors which have been perceived and any grounds for clemency.

By virtue of the allegation of unfitness made by the appellant in the instant case against his defense counsel, the counsel was not in a position freely to discharge his responsibilities under *Goode*. Any action taken by the counsel to advance appellant's claim of ineffective representation would have been taken at the expense of the counsel's own reputation for competence. In addition to being confronted with this clear-cut conflict of interest, the counsel upon whom the staff judge advocate review was served was, to the extent necessary to defend against the allegation of ineffectiveness, released from his obligation to safeguard the confidences and secrets of his client. ABA Code of Professional Responsibility, DR4–101(C)(4). An attorney who has been placed in such a situation, albeit by the unilateral acts of his client, cannot be considered "counsel for the accused" within the meaning of *Goode*, unless both attorney and client subsequently renew the attorney-client relationship. *United States v. Franklin*, 3 M.J. 785 (A.C.M.R.1977); *United States v. Hathaway*, 3 M.J. 1073 (A.C.M.R.1977). It was, therefore, error to serve the staff judge advocate's review upon appellant's trial defense counsel.

The action of the convening authority, dated 1 June 1977, is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.*

Senior Judge CARNE concurs.

COOK, Judge, concurs.

While I concur in the result and the views expressed in the majority opinion,[1] I believe an additional comment concerning trial defense counsel's conduct is in order. As noted in the footnote in the principal opinion, the trial defense counsel joined in a stipulation which, in effect, requested that the scope of his client's appellate rights be re-

---

* For the reasons stated in *United States v. Onan*, 5 M.J. 514 (A.C.M.R.1978), this Court hereby declares void two stipulations by the parties at trial which, in approximately the following terms, purport to restrict the focus of the appellate review of this case:

Both sides desire that appellate review of the case shall be within the framework of the trial, with no issues raised, briefed, or argued on appeal which were not first raised and litigated before the trial court.

Neither appellant, counsel, nor any reviewing authorities are bound by these stipulations during further review of this case.

1. For those who are of the view that returning a case for a new review and action under these circumstances is an act of frivolity, I commend to their attention the case of *United States v. Burden*, SPCM 12097 (A.C.M.R. 22 June 1978).

stricted to only those issues raised at trial. As there would be no point in subscribing to such a statement otherwise, counsel was obviously aware of the fact that matters not disputed at trial are frequently the subject of assertions of error on appeal. Thus, the trial defense counsel knew when he became a party to this request that he could be depriving his client of a valuable appellate right. While I do not find counsel's conduct sufficiently onerous to label it unethical or indicative of incompetence, I recall to counsel's attention the injunction of the supreme court of the land that "[t]he right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted *solely* to the interests of his client."[2]  American Bar Association Code of Professional Responsibility, Canon 7, and

accompanying text, are also cited to counsel for his review and contemplation.  Additionally, under the rationale of the United States Court of Military Appeals' decision in *United States v. Rivas*, 3 M.J. 282 (C.M. A.1977), that defense counsel's conduct will be examined to determine whether there were strategic or tactical justifications for his actions at trial, I would find counsel's conduct in this particular in this case to be vulnerable.

2. *Von Moltke v. Gillies*, 332 U.S. 708, 725, 68 S.Ct. 316, 324, 92 L.Ed. 309 (1948) (emphasis added).  The Court went on to state, "Undivided allegiance and faithful, devoted service to a client are prized traditions of the American lawyer.  It is this kind of service for which the Sixth Amendment makes provision.  And no-

where is this service deemed more honorable than in case of appointment to represent an accused too poor to hire a lawyer, even though the accused may be a member of an unpopular or hated group, or may be charged with an offense which is peculiarly abhorrent."  332 U.S. 725–26, 68 S.Ct. 324 (footnote omitted).