## UNITED STATES

v.

**John H. SLUBOWSKI, 336 52 2168, Yeoman Third Class (E-4), U. S. Navy.**

**NCM 77 2061.**

U.S. Navy Court of Military Review.

23 Aug. 1978.

LT Philip G. Cohen, JAGC, USNR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

Contrary to his pleas, the accused was convicted by general court-martial of conspiracy (two specifications), unlawful sale, possession, and transfer of marijuana, destruction of official records in violation of United States Navy Regulations (seven specifications), larceny (three specifications), wrongful appropriation, forgery, transfer of forged documents (five specifications), and receipt of graft (ten specifications), in violation of Articles 81, 92, 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 921, 923, 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 6 years, total forfeitures, a fine of $3,000.00 with a proviso for confinement for an additional 2 years if the fine is not paid, and reduction to pay grade E–1.

On appeal, the accused assigns the following errors and invites our attention to additional matters raised in his request for appellate representation and in defense counsel's response to the staff judge advocate's review:

I

SPECIFICATIONS 2 AND 3 OF CHARGE III DO NOT STATE AN OFFENSE.

II

APPELLANT'S SENTENCE AS ADJUDGED AND APPROVED IS UNCON-

STITUTIONAL IN CONDITIONING CONTINUED CONFINEMENT ON AN INDIGENT'S INABILITY TO PAY A FINE.

## III

THE MILITARY JUDGE ERRED BY DENYING TRIAL DEFENSE COUNSEL'S MOTION FOR THE CONVENING OF A NEW ARTICLE 32 INVESTIGATION.

## IV

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING TRIAL DEFENSE COUNSEL'S MOTION FOR A MORE DEFINITE STATEMENT WITH REGARD TO SPECIFICATIONS 1 AND 2 OF CHARGE I, AND SPECIFICATIONS 1, 2 AND 3 OF CHARGE II.

## V

THE MILITARY JUDGE ABUSED HIS DISCRETION, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, BY RESTRICTING TRIAL DEFENSE COUNSEL's RIGHT TO PROPOUND *VOIR DIRE* QUESTIONS.

## VI

THE MILITARY JUDGE ABUSED HIS DISCRETION, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, BY PROVIDING INSTRUCTIONS ON THE ELEMENTS OF THE OFFENSES TO THE MEMBERS AT A TIME OTHER THAN AFTER CLOSING ARGUMENTS.

## VII

THE MILITARY JUDGE ERRED, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, BY NOT INSTRUCTING ON THE LAW WITH REGARDS [sic] TO IMMUNITY FROM PROSECUTION.

## VIII

PROSECUTION EXHIBIT 32, WHICH INDICATES THE AWARDING OF A NONJUDICIAL PUNISHMENT, WAS WRONGLY ADMITTED IN AGGRAVATION TO THE SUBSTANTIAL PREJUDICE OF APPELLANT. *United States v. Booker*, 5 M.J. 238 (C.M.A.1977).

## IX

THE SENTENCE IS INAPPROPRIATELY SEVERE.

Finding some merit in assignment I, we shall modify the findings and reassess the sentence. We reject the remaining assignments of error and contentions of the defense.

## I

### *Sufficiency of Larceny Specifications*

 Citing *United States v. McCracken*, 19 C.M.R. 876 (AFBR 1955), the accused contends no offenses are stated in specifications 2 and 3 of Charge III, which allege that he stole some amount of money, property of the United States, by wrongful failure to process leave documents in accordance with official manuals. It is his position that leave cannot be the subject of larceny, because it is not property having some physical existence. *See Manual for Courts-Martial, United States 1969* (Revised edition), paragraph 200a. The specifications, however, do not allege the theft of leave. They clearly allege the theft of a sum of money and, therefore, are sufficient to state offenses under Article 121. There is, however, a failure of proof because the prosecution failed to show that the accused deprived the Government of a sum of money. There is no evidence that anyone received any money to which he was not entitled. The possibility at the time of the alleged larceny that someday the accused, or another, might receive money to which he was not entitled does not constitute a wrongful taking of a sum of money. Therefore, we shall set aside the findings of guilty of these specifications.

## II

### *Constitutionality of Fine*

██ Citing *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the accused claims that his adjudged and approved sentence is unconstitutional in conditioning continued confinement on an indigent's inability to pay a fine.

The sentence includes a fine of $3,000.00, with the proviso that an additional 2 years confinement would be required if the fine is not paid. The accused has submitted a post-trial affidavit in which he contends that he is now indigent. In *Williams* and *Tate*, the Supreme Court held that the Equal Protection Clause requires the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status. The sentence imposed on the accused in this case is far below the maximum authorized in the Table of Maximum Punishments.[1] If additional confinement is served by reason of nonpayment of the fine, the total confinement will not exceed the maximum authorized. Therefore, *Williams* and *Tate* are inapposite. The provision for additional confinement is authorized by paragraph 126*h*(3), *Manual for Courts-Martial, United States, 1969* (Revised edition). The assignment of error lacks merit.

### III

#### *Article 32 Investigation*

The accused claims that he is entitled to a new Article 32 investigation because, at the time of the original investigation, he was not attached to the command of the officer who convened the investigation. *See United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975). We disagree and find that, at the time of the investigation, the accused was permanently assigned to the unit commanded by the convening officer. Although the command had received a message from the Chief of Naval Personnel directing the accused's transfer to another duty station, the orders were never executed. We reject the accused's contention that the unexecuted orders effected a *de facto* transfer and change of duty station. The assignment of error is denied.

### IV

#### *Motion for Definite Statement of Specifications*

The accused claims prejudicial error in the military judge's denial of a defense motion for a more definite statement of specifications alleging conspiracy, sale, transfer, and possession of marijuana. *United States v. Means*, 12 U.S.C.M.A. 290, 30 C.M.R. 290 (1961) is dispositive.

The specifications alleging shipboard conspiracies, to commit the offense of graft, by selling leave to crew members and accepting compensation when none was due, and to sell marijuana, were sufficient to state offenses. *See United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953).

Failure to allege the dates of the overt acts does not render the specifications fatally defective. *United States v. Moore*, 22 C.M.R. 756 (A.F.B.R.1956). *See United States v. McGlenn*, 22 C.M.R. 706 (N.B.R. 1956). Specifications alleging unlawful sale, transfer, and possession of marijuana over an 18-month period were sufficient to state offenses. *United States v. Means, supra*. It is not prejudicial error to deny a motion for a bill of particulars if counsel possesses the information sought. The accused was not prejudiced by denial of the motion in this case. The information sought was available to him. *United States v. Means, supra*. The information contained in the Article 32 investigation was supplemented by grants of immunity, which notified defense counsel of the names of the alleged purchasers of marijuana not identified at the Article 32 investigation. Thus, the defense counsel had the opportunity to request a continuance until he had interviewed these witnesses and obtained the information desired. The assignment of error lacks merit.

### V

#### *Restriction of Voir Dire*

The accused asserts that the military judge committed prejudicial error by restricting defense counsel's right to propound *voir dire* questions to the members. At trial, defense counsel unsuccessfully

---

1. MCM, 1969 (Rev.), para. 127*c*.

challenged application of a local rule requiring that proposed *voir dire* questions be submitted in advance to the military judge. In general, the judge insisted that he, and not counsel, propound to the members questions proposed by counsel, if the judge deemed the questions to be appropriate. Defense counsel refused to propose written questions or to ask questions orally when afforded the opportunity to do so (R. 26, 34, 35, 37, 39, 40), but did suggest that the judge question a member on a subject raised by the member's answer to a questionnaire.[2]

■ Paragraph 62*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition), provides that the trial or defense counsel may question the court, or individual members thereof, concerning the existence or nonexistence of facts which may disclose a proper ground of challenge for cause. This provision, in plain language, permits direct examination of members by counsel. Rules which preclude direct examination by counsel clearly state that the judge should submit questions by the defendant to the prospective jurors. *Compare* Approved Draft, ABA Standards Relating to Trial by Jury § 2.4 *with* Tentative Draft. *See* Fed.R.Crim.P. 24(a). We recognize that under the Federal Rule the judge has the discretion either to conduct the examination himself or to permit counsel to do so. Nevertheless, neither this Court nor a military trial judge is at liberty to disregard the plain language of the *Manual* and adopt the Federal Rule.[3]

■ We condemn the procedure utilized by the military judge in this case because he unduly restricted defense counsel from directly examining the members on *voir dire* in violation of the *Manual* provision. Under the circumstances presented, however, we do not find that the accused has been prejudiced by the abuse of discretion. Therefore, the assignment of error is rejected. *See United States v. Parker*, 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955).

## VI

### *Written Instructions*

■ The accused contends that the military judge erred when, over the objection of defense counsel, he provided the court members with written instructions as to the elements of the offenses at the outset of the trial. Defense counsel did not object to the fact that written instructions were given or their content. (R. 28) *See Copeland v. United States*, 80 U.S.App.D.C. 308, 152 F.2d 769 (1945), *cert. denied*, 328 U.S. 841, 66 S.Ct. 1010, 90 L.Ed. 1615 (1946). He objected solely to the timing. The defense position is that paragraph 73, *Manual for Courts-Martial, United States, 1969* (Revised edition), requiring the military judge to instruct the court as to the elements of the offenses after closing arguments, prevents him from providing instructions at a different point in the trial. We find nothing in paragraph 73 or Article 51, Uniform Code of Military Justice, 10 U.S.C.A. § 851, which precludes the military judge from instructing the members at any time during the trial. The record indicates that the members read the written instructions. The military judge incorporated them by reference into his oral instructions given after closing arguments.

■ Assuming that the failure of the judge to read his written instructions to the members orally after closing arguments was error, we find no prejudice under the circumstances of this case. *Cf. United States v. Smith*, 2 U.S.C.M.A. 440, 9 C.M.R. 70 (1953). *Estes v. United States*, 335 F.2d 609 (5th Cir. 1964), *cert. denied*, 379 U.S.

---

2. We note with approval the practice of submitting form questionnaires concerning the background of members in order to expedite *voir dire* examination. Such questionnaires must be appended to the record as appellate exhibits.

3. The Approved Draft of the ABA Standards rejects the Federal Rule. The *Manual* rule does not preclude the military judge from refusing to permit repetitive or improper questions. *See United States v. Freeman*, 15 U.S.C.M.A. 126, 35 C.M.R. 98 (1964). *Cf. Commentary, Supplement*, ABA Standards Relating to Trial by Jury, § 2.4.

964, 85 S.Ct. 656, 13 L.Ed.2d 559 (1965), *reh. denied* 380 U.S. 926, 85 S.Ct. 884, 13 L.Ed.2d 814 (1965); *Wheeler v. United States*, 93 U.S.App.D.C. 159, 211 F.2d 19 (1953), *cert. denied* 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140 (1954), *reh. denied* 348 U.S. 852, 75 S.Ct. 21, 99 L.Ed. 671 (1954). United States v. Noble, 155 F.2d 315 (3d Cir. 1946). The facts in this case are distinguishable from those in *United States v. Hillman*, 21 C.M.R. 834 (A.F.B.R.1956), in which an Air Force board of review held that failure to read written instructions to the members in open court required reversal. In *Hillman*, the accused was obviously prejudiced because it could not be determined from the record whether the members actually read the instructions. *See United States v. Max*, 156 F.2d 13 (3d Cir. 1946). The record in this case indicates that the members read the instructions at the beginning of the trial. Failure to give instruction as required, including instructions required by paragraph 73 of the *Manual*, must be tested for prejudice. *See United States v. Gilliam*, 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974); *United States v. Smith, supra. Cf. United States v. Deford*, 5 M.J. 104 (C.M.A.1978). We conclude that the military judge properly gave the members written instructions at the outset of the trial and that his failure to read those instructions to the members in open court after closing arguments did not constitute prejudicial error under the circumstances of this case.

## VII

### *Grant of Immunity to Civilians*

█ The accused contends that failure of the military judge to elaborate on the effect of grants of immunity to civilian witnesses was prejudicial error. Two civilian witnesses who were former members of the naval service testified that, although they were not entitled to honorable discharges, they purchased honorable discharge certificates from the accused when they were discharged. Both testified that, although they had received grants of immunity from the Navy, they believed they could be prosecuted by Federal authorities.

The second admitted that he did not believe Federal authorities would prosecute him. In response to a member's questions after the first witness testified, the judge stated that a Navy grant of immunity protected the recipient against future prosecution by a Navy court-martial and that he did not know whether the Federal Government could prosecute a person who received a Navy grant of immunity. *But see* JAGMAN § 0112c. The judge afforded defense counsel the opportunity to research and present authority on the issue, but he did not do so. Under the circumstances and in view of the understanding of the witnesses, as to the effects of their grants of immunity, and the judge's subsequent instructions to the members, on motivation of accomplices to falsify their testimony in order to obtain immunity and the caution with which accomplice testimony should be considered, the accused was not prejudiced by the failure of the judge to give additional instructions on the effects of a grant of immunity to civilian witnesses.

## VIII

### *Prior Nonjudicial Punishment*

█ Citing *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), the accused argues that evidence of a prior nonjudicial punishment introduced in aggravation was inadmissible. The rules in *Booker* do not apply to cases such as this, which was tried before *Booker* was decided. *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978); *United States v. Harrell*, 5 M.J. 604 (N.C.M.R.1978) (*en banc*).

## IX

### *Appropriateness of Sentence*

█ The accused argues that the sentence is unduly severe. The accused stands convicted of numerous serious offenses committed over a long period of time. He conspired to receive graft in exchange for the sale of leave and to sell marijuana for profit to shipmates, sold honorable discharge certificates and service record entries showing qualifications which were pre-

requisites for advancement, and destroyed a record of nonjudicial punishment for a price. On the basis of the entire record, including matters in extenuation and mitigation, we find the adjudged and approved sentence to be appropriate.

The findings of guilty of specifications 2 and 3 under Charge III are set aside and dismissed. The remaining findings of guilty and, upon reassessment, the sentence as approved on review below are affirmed.

Judge GRANGER concurs.

Senior Judge NEWTON (absent/concurs).