**UNITED STATES, Appellee,**

v.

**Sergeant Roderick P. CLARK,
253–98–3611, United States
Army, Appellant.**

**CM 446665.**

U.S. Army Court of Military Review.

29 May 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Stephen B. Pence, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

On 23 October 1984 appellant was convicted by commissioned and noncommissioned officers of disobeying a lawful order, rape, disorderly conduct and two specifications of wrongful communication of a threat in violation of Articles 92, 120, 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, and 934 (1982), respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for fifty years, total forfeitures and complete reduction.

The post-trial recommendation of the staff judge advocate was served on trial defense counsel on 6 December 1984 as required by R.C.M. 1106(f), and *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). *See* Article 60(a), UCMJ, 10 U.S.C. § 860. In his response dated 18 December 1984, the trial defense counsel prayed for a substantial reduction in the confinement, relying in part upon a lighter sentence received by a co-accused.[1] On 18 December 1984, the staff judge advocate received a letter

---

1. Though tried separately, appellant and a co-accused were each charged with two counts of raping the same victim, once as the perpetrator and once as an aider and abettor. They were found not guilty of the latter charge. Unlike his confederate, appellant was convicted of additional charges associated with his misbehavior towards the military police while being apprehended. The co-accused's sentence is similar in all respects to that of appellant's, except that his confinement is limited to seven years whereas appellant's period of confinement extends to fifty years.

addressed to the convening authority from appellant, who was confined at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Appellant in his letter expressed dissatisfaction with the professional representation he had received from the trial defense counsel.

▌ The trial defense counsel's response and appellant's letter were forwarded by the staff judge advocate to the convening authority, along with the original recommendation and an addendum rebutting the response and letter. In the addendum, the staff judge advocate discussed the reasons for the disparity in sentences imposed on appellant and the co-accused.[2] He also informed the convening authority that he disagreed with appellant's claim that he was improperly and inadequately defended at trial. The staff judge advocate stated that "the record of trial evidences an agressive and professional representation of the accused by [the defense counsel]." The convening authority approved the sentence on 4 January 1985.

Relying on *United States v. Stith*, 5 M.J. 879 (A.C.M.R.1978), *pet. denied*, 7 M.J. 270 (C.M.A.1979),[3] appellant claims it was error for the staff judge advocate to serve his recommendation on the trial defense counsel for comments when allegations of ineffective representation had been lodged against him. Appellant requests this court to set aside the convening authority's action and order a new recommendation and action. The government counters by arguing that the staff judge advocate could not be responsible for serving the recommendation on a new defense counsel when at the

time the recommendation was served no allegation of inadequacy of counsel had been made.

▌ The primary reason for not allowing the trial defense counsel to act on behalf of his client when his trial performance has been attacked is because the defense counsel's interest in defending his reputation for competence conflicts with his interest in representing his client on appeal. *United States v. Stith, supra* at 880. The trial defense counsel in the instant case became aware of the challenge to his performance *after* he had responded to the recommendation of the staff judge advocate. He was mentally free of competing interests when he responded to the recommendation, having only the concerns of appellant in mind. Therefore, we hold that the staff judge advocate did not err by serving the recommendation on him.

▌ The remaining issue is whether the staff judge advocate's discussion in the addendum of the adequacy of representation provided to appellant constituted the introduction of "new matter" requiring a second service of the post-trial recommendation, plus the addendum, pursuant to *United States v. Narine*, 14 M.J. 55 (C.M.A.1982). "New matter" in an addendum includes a discussion of the effects of new decisions on issues in the case, material from outside the record of trial, and issues not previously discussed. *Id.* at 57; Discussion, R.C.M. 1106(f)(7). However, comments by the staff judge advocate on subjects broached by the defense in response to his recommendation do not constitute "new matter."

---

2. He advised the convening authority that comparison of sentences between appellant and the co-accused was virtually impossible. If the cases are closely related, the convening authority was required in the interests of fundamental fairness and justice to evaluate the sentence imposed on the co-accused in determining the appropriate sentence that should be approved for appellant. *United States v. Ballard*, 20 M.J. 282, 286 (C.M.A.1985) (Everett, C.J., concurring); *United States v. Capps*, 1 M.J. 1184 (A.F.C.M.R.1976). In light of the foregoing precedents, my consideration of the co-accused's sentence, along with the record as a whole, leads me to believe that a substantial reduction in the period

of confinement is warranted. Nevertheless, my concurring brethren, considering the same matters, have concluded that the adjudged and approved sentence is appropriate and should stand. Accordingly, the decretal paragraph of this opinion will reflect a complete affirmance.

3. In *Stith* this court ruled it was error to serve the staff judge advocate's review on the defense counsel when the accused in a letter to the convening authority had questioned the professionalism and fitness of the defense counsel. *See also United States v. Franklin*, 3 M.J. 785 (A.C.M.R.1977).

To hold otherwise would permit "an endless succession of defense challenges and staff judge advocate responses thereto ... Such a requirement could place an intolerable burden upon convening authorities to afford an accused the speedy post-trial disposition of his case." *United States v. Meyer*, 1 M.J. 755, 756 (A.F.C.M.R.1975). *See also Narine, supra*, 14 M.J. at 57.

 In this case, the staff judge advocate's comments pertaining to appellant's attack upon the adequacy of his trial defense counsel did not include a discussion of the effects of new decisions—in fact, no legal authority whatsoever was cited in the addendum. Moreover, the staff judge advocate did not refer to any matter outside of the record of trial in reaching his conclusion that appellant had been adequately represented by his trial defense counsel. His conclusion was based solely upon the record of trial. Finally, we reject the argument that the addendum's discussion of the inadequacy of counsel issue was a consideration of an issue not previously discussed. In our view, when the matter in the addendum has its genesis in submissions by either an accused or his defense attorney, it does not amount to "new matter." In other words, the staff judge advocate's discussion of the inadequacy of counsel was not "new" to appellant because the issue had already been raised by appellant. Thus, we hold that the addendum in this case did not introduce "new matter" which required service upon either appellant or a substitute defense counsel.

Turning to the merits of appellant's claim of ineffective assistance of trial defense counsel, we find it to be without merit. The record establishes that appellant was provided with competent representation throughout the trial. *United States v. Jefferson*, 13 M.J. 1 (C.M.A.1982); *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977). *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge NAUGHTON concur.