UNITED STATES, Appellee,

v.

Brenda F. BABBITT, Captain, U.S. Army, Appellant.

No. 56,220.

CM 444459.

U.S. Court of Military Appeals.

May 31, 1988.

For Appellant: *Vaughan E. Taylor, Esquire* (argued); *Lieutenant Colonel Charles A. Zimmerman* and *Captain Keith W. Sickendick* (on brief); *Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen, Captain Pamela G. Montgomery, Captain Scott A. Hancock.*

For Appellee: *Captain Patrick D. O'Hare* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Gary L. Hausken* (on brief); *Captain Michael W. Hoadley* and *Captain Samuel J. Rob.*

## OPINION OF THE COURT

COX, Judge:

Appellant was tried by a general court-martial composed of members. Despite her pleas, she was convicted of attempted murder, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. She was sentenced to a dismissal, confinement for 10 years, and forfeiture of $1000.00 pay per month for 120 months.

The convening authority approved the dismissal but reduced the confinement and the period of forfeitures to 5 years. The Court of Military Review affirmed the findings and sentence. 22 M.J. 672 (1986). This Court granted review to consider:[1]

> WHETHER APPELLANT'S DEFENSE TEAM FAILED TO PROVIDE REASONABLY EFFECTIVE ASSISTANCE OF COUNSEL WHICH THEREBY RESULTED IN A REASONABLE PROBABILITY THAT, ABSENT THEIR ERRORS, APPELLANT'S COURT-MARTIAL WOULD HAVE HAD A REASONABLE DOUBT RESPECTING HER GUILT.

■ Captain Babbitt contends that she was denied effective assistance of counsel on two grounds: first, in that the defense team, led by her civilian attorney, rendered deficient representation; and second, in that her civilian attorney labored under a conflict of interest.

In reviewing claims of ineffective assistance of counsel based on deficient representation, we must apply the two-prong test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). In order to prevail, an accused must meet both prongs of the test by establishing incompetence *and* prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*United States v. Scott, supra* at 188, *quoting Strickland v. Washington, supra* 466 U.S. at 687, 104 S.Ct. at 2064. This Court went on to say:

The competence of counsel is presumed. To make out a claim of ineffective assistance of counsel, the accused must rebut this presumption by pointing out specific errors made by his defense counsel which were unreasonable under prevailing professional norms. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. "In making [the competence] determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." [*Strickland v. Washington,*] 466 U.S. at 690, 104 S.Ct. at 2066.

*United States v. Scott, supra* at 188.

Thus, appellant must show that her defense team failed to provide "professionally competent assistance," *Strickland v. Washington, supra* 466 U.S. at 690, 104 S.Ct. at 2066, and "that there is a reasonable probability that, but for" these errors, the court-martial would have had a reasonable doubt respecting her guilt. *Id.* at 694, 104 S.Ct. at 2068.

Having thoroughly reviewed the record in this case, we agree with Senior Judge Wold's analysis of the alleged strategic errors and with his resulting determination that the various maneuvers of defense counsel were "well within the bounds of reasonable tactical judgment." 22 M.J. at 674–76. Under the circumstances, the defense team's performance did not fall below the level of "reasonable professional assistance." 466 U.S. at 689, 104 S.Ct. at 2065.

We next consider whether Captain Babbitt was denied effective assistance on the basis that Mr. Bellen, the civilian counsel, was laboring under a conflict of interest. This issue is based primarily on Mr. Bellen's admitted emotional involvement with appellant and their resultant sexual inter-

---

1. A recitation of the facts in this case is available in the opinion below. 22 M.J. 672, 673–74.

course the evening before the final day of her court-martial.

■ Prejudice may be presumed when an ineffectiveness claim is based on an actual conflict of interest. However, appellant must first establish "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected ... [her] lawyer's performance.'" *Strickland v. Washington, supra* 466 U.S. at 692, 104 S.Ct. at 2067 *quoting Cuyler v. Sullivan,* 446 U.S. 335, 350, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

■ Our examination of the record does not support appellant's contention that Mr. Bellen was "actively represent[ing] conflicting interests" or that their romantic relationship created an interest in conflict with his duty to zealously defend Captain Babbitt.[2] We agree with Senior Judge Wold that appellant's "arguments ultimately boil down to the proposition that an attorney's sexual relations with his client *per se* create an actual conflict of interest which violates the client's Sixth Amendment right to effective assistance of counsel." 22 M.J. at 677. We decline to create such a *per se* rule. Although we too do not condone the actions of Captain Babbitt and Mr. Bellen (*see id.*), who was married, we agree that "the evidence points to the conclusion that Mr. Bellen's preparation and presentation of his client's defense was, if anything, spurred on by his relationship with appellant." *Id.* at 677–78.

**2.** Mr. Bellen was issued an Informal Admonition pursuant to Rule XI, §§ 3(6) and 6(1) of the District of Columbia Court of Appeals Rules Governing the District of Columbia Bar. Bar Counsel did not determine whether Mr. Bellen's

In this case, the defense team had done extensive pretrial preparation. Mr. Bellen thoroughly cross-examined the prosecution witnesses, and he presented evidence and argument in appellant's behalf, "disput[ing] every material aspect of the case against her." *Id.* at 677. After her conviction, Mr. Bellen prepared an extensive Article 38(c), UCMJ, 10 U.S.C. § 838(c), brief on her behalf and was successful in obtaining a reduction of her sentence from 10 to 5 years. Although another defense counsel might have defended the case differently, "appellate courts do 'not lightly vacate a conviction' in the absence of a serious incompetency which 'falls measurably below the performance ... of fallible lawyers.'" *United States v. DiCupe*, 21 M.J. 440, 442 (C.M.A.), *cert. denied*, 479 U.S. 826, 107 S.Ct. 101, 93 L.Ed.2d 52 (1986), *citing United States v. DeCoster*, 624 F.2d 196, 214, 208 (*en banc*) (D.C.Cir.1979) (plurality opinion).

"[T]he purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation ... [It] is simply to ensure that criminal defendants receive a fair trial." *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065.

We hold that appellant was not denied the effective assistance of counsel.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

"professional advice, conduct, and litigation was *actually* affected," but advised that, in representing "a client who is facing serious felony charges, the added nuance of a personal relationship should not intrude."