**UNITED STATES, Appellee,**

v.

**Specialist Four Willie D. TILLERY, 263–71–3762, United States Army, Appellant.**

**ACMR 8702530.**

U.S. Army Court of Military Review.

23 June 1988.

For appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Stewart C. Hudson, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

### OPINION OF THE COURT

PER CURIAM:

At his trial by general court-martial with members, appellant was convicted, consistent with his pleas, of use (3 specifications) and distribution of illegal drugs, and dishonorable failure to pay a just debt, in violation of Articles 112a and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 934, respectively. In a Petition for Clemency, submitted on behalf of appellant and in response to the staff judge advocate's post-trial recommendation, the trial defense counsel stated in part:

> [Specialist Four (SP4)] Tillery expressed remorse for his offenses in a sworn statement. His defense counsel, however, failed to adequately prepare him for the witness stand and [SP4] Tillery did not come across well to the panel members. Defense counsel also failed to object when the battery commander impermissibly stated that SP4 Tillery had received nonjudicial punishment. An accused's performance on the witness stand is poor justification for taking four years of his life. The military judge subsequently expressed shock at the sentence. SP4 Tillery should not have to suffer because of the incompetence of his defense counsel.

Consistent with the terms of a pretrial agreement, the convening authority approved a sentence less than that adjudged by the court.

Appellant now alleges that (1) he was denied effective assistance of counsel because of defense counsel's failure to prepare adequately for trial; (2) the staff judge advocate failed to advise the convening authority if corrective action should be taken on the sentence given appellant's allegation of legal error in the post-trial submission (ineffective assistance of counsel); and (3) the staff judge advocate erroneously failed to re-submit the post-trial recommendation to a different defense counsel after trial defense counsel admitted, in his post-trial submission to the convening authority, that he inadequately represented appellant at trial.

■ While defense counsel in his post-trial submission self-judged his trial representation of appellant to be less than adequate, our review of the record and an affidavit submitted post-trial convinces us that counsel's performance was neither ineffective at or before trial nor in anyway prejudicial to the defense under the standards in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *United States v. Babbitt*, 26 M.J. 157 (C.M.A.1988).

■ In his post-trial recommendation the staff judge advocate should have commented on defense counsel's characterization of his efforts at trial as inadequate assistance of counsel, Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(d)(4) [hereinafter R.C.M.], *and* a possible conflict of interest issue affecting that counsel's continued representation of appellant, *see* Dep't of Army, Pamphlet No. 27–26, Legal Services–Rules of Professional Conduct for Lawyers (31 Dec. 1987), Rule 1.7(b) Conflict of Interest (when continued representation may be materially limited by lawyer's own interests). Also, when the trial defense counsel raised the issue of conflict of interest in his continued representation of the accused, the staff judge advocate should have sought reassurances regarding that counsel's continued representation of appellant or re-submitted the post-trial recommendation to a different defense counsel. *See Wheat v. United States*, —— U.S. ——,

——, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988) ("Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them"); R.C.M. 1106(f)(2) (when detailed defense counsel is not reasonably available to represent the accused, substitute military counsel shall be detailed); *United States v. Stith*, 5 M.J. 879 (A.C.M.R.1978), *petition denied*, 7 M.J. 270 (C.M.A.1979).

We find no ineffective assistance and, under the circumstances of this case, no actual conflict of interest on the part of the trial defense counsel. *See United States v. Babbitt*, 26 M.J. at 159 (appellant must establish that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected the lawyer's performance). We believe that there is no need for this court to return the record for a new review and action, as there is no remaining substantive issue to resolve at that level. *United States v. Ghiglieri*, 25 M.J. 687, 690 (A.C.M.R.1987).

The findings of guilty and the sentence are affirmed.