**UNITED STATES, Appellee,**

v.

**Captain Anthony C. GAUTHIER, 439–98–0505, United States Army, Appellant.**

**ACMR 9003043.**

U.S. Army Court of Military Review.

21 Jan. 1992.

For Appellant: Captain Michael P. Moran, JAGC, Captain Timothy M. Lawlor, JAGC, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before FOREMAN, CREAN and HAGAN, Appellate Military Judges.

OPINION OF THE COURT

CREAN, Judge:

The appellant was found guilty by a general court-martial, contrary to his pleas, of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 & Supp. V 1987). The convening authority approved the adjudged sentence of dismissal and confinement for four months.

In letters to the convening authority and others, the appellant's wife complained of the ineffectiveness of her husband's trial defense counsel. Appellate defense counsel alleges as error the staff judge advocate's service of his post-trial recommendation on the trial defense counsel despite knowledge of Mrs. Gauthier's allegations against trial defense counsel. In an affidavit provided to this court, the trial defense counsel stated that after he was served with the post-trial recommendation, but before submitting any material to the convening authority, he was informed by the staff judge advocate of Mrs. Gauthier's allegation of ineffectiveness. Following the guidance of his regional defense counsel, he contacted the appellant who informed

him that he had no knowledge of his wife's allegations and that he did not agree with the allegations. The trial defense counsel suggested that he be released from representing appellant. The appellant refused, and insisted that he continue to represent him. The regional defense counsel informed the trial defense counsel that he was still responsible for the appellant's case. The trial defense counsel continued his able representation of the appellant by alleging to the convening authority errors in the trial, requesting clemency, and submitting a packet of twenty letters written on behalf of the appellant.

 We hold that there was no error in the post-trial processing of this case. The appellant has never alleged ineffectiveness of his trial defense counsel. In fact, he insisted that his trial defense counsel remain as his counsel. While his wife may believe the appellant's counsel was ineffective, she does not have standing to raise the issue. Hence, the staff judge advocate served his recommendation on the correct defense counsel.

The issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and sentence are affirmed.

Senior Judge FOREMAN and Judge HAGAN concur.