**UNITED STATES, Appellee,**

v.

**Private E2 Laurie A. JETER, 363–82–2789, United States Army, Appellant.**

**ACMR 9102441.**

U.S. Army Court of Military Review.

26 Aug. 1992.

For Appellant: Captain Mark L. Toole, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

---

## OPINION OF THE COURT

GRAVELLE, Judge:

In conformity with her pleas, the appellant was found guilty of four specifications of larceny and eleven specifications of forgery, in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923, (1982) [hereinafter UCMJ], respectively. A military judge, sitting as a general court-martial, sentenced the appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the adjudged sentence.

The appellant asserts, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that her trial defense counsel provided ineffective assistance of counsel before, during, and after trial. Because of our holding below, we have examined only the appellant's allegations of pretrial and in-court ineffectiveness of counsel, and we find the allegations to be without merit.

▮ In an affidavit submitted to this court, the appellant alleges that her defense counsel failed to stay in contact with her, failed to negotiate a favorable pretrial agreement, failed to properly prepare for trial, failed to adequately question defense witnesses during the sentencing proceeding, and failed to effectively represent the appellant in the post-trial processing of the case.

In response to these allegations, the trial defense counsel and the supervising senior defense counsel (who participated in several pretrial conferences with the appellant) have submitted affidavits refuting the appellant's allegations. The defense counsel's affidavit is detailed, credible, and forthright. Parts of it are corroborated by the affidavit of the senior defense counsel, by the record and by other documentary evidence. In short, the appellant has utterly failed to show that her defense counsel was ineffective before and during trial under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

▮ Corrective action is required, however, because of an error in the post-trial processing of this case. Following trial, the trial defense counsel prepared a memorandum for the convening authority pursuant to R.C.M. 1105[1] requesting clemency and attached to the memorandum a seven-page handwritten letter from the appellant in which the appellant claims, *inter alia*:

> I don't believe I received a fair trial. There were many facts that were not brought to the judge's attention.
>
> . . . .
>
> I also feel that I wasn't given the best defense. I feel that my counsel's objective was only to go through the motions of the case. I don't believe he wanted to help me because I already admitted my guilt. He didn't even so much as say "Good Luck" after I was sentenced. I don't feel that was right. . . . I had to go to the IG office twice just to get him to talk to me about what to expect in court.

Clearly, the appellant was dissatisfied with her defense counsel and believed that he was ineffective. His attempt to continue representing her after trial in the face of this dissatisfaction was error.[2]

Before a convening authority takes action on a general court-martial or on a special court-martial in which a bad-conduct discharge has been adjudged, the staff judge advocate of the convening authority must prepare a written recommendation which includes, *inter alia*, a specific recommendation as to the action to be taken by the convening authority as to the sentence adjudged by the court. R.C.M. 1106. Before forwarding the recommendation to the convening authority, the staff judge advocate must serve the recommendation upon the "counsel for the accused" for comment.

---

1. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 [hereinafter R.C.M.].

2. The staff judge advocate commented on the appellant's complaints about not receiving a fair trial and that she "wasn't given the best defense" in his addendum to the post-trial recommendation, and simply disagreed with the appellant. That comment was not enough to cure the problem here.

R.C.M. 1106(f); *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). This valuable post-trial right of the appellant insures the accuracy of the post-trial recommendation, and is one of many important responsibilities of "counsel for the accused" in providing effective representation of the accused following trial. R.C.M. 1106(f); *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978); *United States v. Annis*, 5 M.J. 351 (C.M.A. 1978). *See generally United States v. Palenius*, 2 M.J. 86 (C.M.A.1977). When the accused's defense counsel is not reasonably available after trial, substitute counsel must be appointed to represent the accused in this and other post-trial duties. R.C.M. 1106(f)(2); *Iverson*, 5 M.J. 440, *Palenius*, 2 M.J. 86. Similarly, if an accused expresses dissatisfaction with the performance of his defense counsel, a substitute defense counsel should be appointed who is acceptable to the accused.[3] In *United States v. Stith*, 5 M.J. 879 (A.C.M.R.1978), *pet. denied*, 7 M.J. 270 (C.M.A.1979), Chief Judge Clausen writing for this court said:

> By virtue of the allegation of unfitness made by the appellant in the instant case against his defense counsel, the counsel was not in a position freely to discharge his responsibilities under *Goode*. Any action taken by the counsel to advance appellant's claim of ineffective representation would have been taken at the expense of the counsel's own reputation for competence. In addition to being confronted with this clear-cut conflict of interest, the counsel upon whom the staff judge advocate review was served was, to the extent necessary to defend against the allegation of ineffectiveness, released from his obligation to safeguard the confidences and secrets of his client. ABA Code of Professional Responsibility,

DR4–101(C)(4). An attorney who has been placed in such a situation, albeit by the unilateral acts of his client, cannot be considered "counsel for the accused" within the meaning of *Goode*, unless both attorney and client subsequently renew the attorney-client relationship. *United States v. Franklin*, 3 M.J. 785 (A.C.M.R.1977); *United States v. Hathaway*, 3 M.J. 1073 (A.C.M.R.1977). It was, therefore, error to serve the staff judge advocate's [post-trial recommendation] upon appellant's trial defense counsel. *Id.* at 880.[4] *See also United States v. Tillery*, 26 M.J. 799 (A.C.M.R.1988); *United States v. Clark*, 22 M.J. 708 (A.C.M.R. 1986); *United States v. Martel*, 19 M.J. 917, 931 (A.C.M.R.1985).

We hold that in the present case, absent a renewed acceptance of the trial defense counsel by the appellant, it was error for the trial defense counsel to continue to act on behalf of the appellant for post-trial matters.[5] We will return the record of trial to the convening authority so that the appellant may accept a "counsel for the accused" to represent her pursuant to R.C.M. 1106(f)(4) and for other post-trial duties as appropriate.

The action of the convening authority, dated 28 January 1992, is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ, 10 U.S.C. § 860(c)–(e).

Senior Judge JOHNSON and Judge WERNER concur.

---

**3.** If the dissatisfaction is expressed by someone other than the accused, the result is not the same. *See, e.g., United States v. Gauthier*, 34 M.J. 595 (A.C.M.R.1992).

**4.** The disciplinary rule cited in *Stith*, above, is incorporated in the American Bar Association Model Code of Professional Responsibility. More recently, the Army implemented R.C.M. 109 by promulgating Department of Army Pamphlet 27–26, Rules of Professional Conduct for Lawyers (31 December 1987) [hereinafter DA

Pam. 27–26]. The rules in this pamphlet were in effect at all times pertinent to the case before us. Guidance similar to that cited in the *Stith* opinion is contained in Rule 1.6(c). *See also* DA Pam. 27–26, para. 1.16.

**5.** Unlike the situation in *United States v. Clark*, the defense counsel in the case before us was well aware of the allegations against him, and should have initiated some action to determine the appellant's wishes for post-trial representation.