**UNITED STATES**

v.

**Russell W. LESLIE, 434 57 7014,
Private First Class (E–2),
U.S. Marine Corps.**

**NMCM 97 01416.**

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 7 Feb. 1997.

Decided 19 Nov. 1998.

Capt Curtis M. Allen, USMC, Appellate Defense Counsel.

Maj Troy D. Taylor, USMC, Appellate Government Counsel.

LtCol J. Steve Hinkle, USMCR, Appellate Government Counsel.

ANDERSON, Judge:

A military judge sitting as a special court-martial found the appellant guilty, pursuant to his pleas, of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1994)[hereinafter UCMJ]. The appellant was sentenced to confinement for 40 days, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence, but suspended all confinement in excess of 35 days in accordance with the pretrial agreement.

In our first review of this case, we affirmed the findings and the sentence, as approved on review below. *United States v. Leslie*, No. 97–01416, 1998 WL 550704 (N.M.Ct.Crim.App. 14 Aug. 1998)(unpublished decision).[1] The appellant then requested reconsideration on the issue of whether the failure of the staff judge advo-

---

1. This decision was originally published in advance sheets at 48 M.J. 816, but withdrawn from publication at the request of the court.

cate's recommendation (SJAR) to mention the appellant's combat infantryman's badge (CIB) was plain error. We granted the petition for reconsideration and heard oral argument on the issue.[2] After reconsideration, we adhere to our previous ruling that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Art. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

Based on the petition for reconsideration, oral argument, the affidavit of the trial defense counsel, and the record of trial, the following facts are undisputed.

1. At trial, the trial defense counsel was asked by the military judge what awards the appellant was entitled to wear. The trial defense counsel responded: "Sir, the service record book that I received is incomplete, but from talking with PFC Leslie the decorations that he does rate include the National Defense Service Medal, the Army Achievement Medal, the Army Service Ribbon, the Southwest Asia Medal with two stars, the Kuwait Liberation Medal, and silver jump wings." Record at 3.

2. After pleading guilty to an unauthorized absence of over 4 months, the appellant presented only an unsworn statement on sentencing. No documentary evidence was presented. The unsworn statement was extremely abbreviated:

> Good afternoon, sir. Sir, I feel—I would just like to explain a little bit of the reason why I did go UA and that would—because I—me and my wife recently had a newborn baby. I felt in my—I felt that she—her mental state of me being away, that she was not able to take care of our two kids the way that she—I thought she should. And I felt that it was more—that I was needed at home. And the 35 days that I have been locked down, she still is in the same state of mind. So, sir, that—that's really why I did go UA. And I would like to tell the court that I'm sorry for any

inconvenience that I did cause. And that's—that's about it, sir.

Record at 25.

3. Prior to trial, the appellant negotiated a pretrial agreement with the convening authority. Under the terms of this agreement, if the appellant pleaded guilty and was awarded a bad-conduct discharge, the convening authority agreed to suspend any confinement in excess of time served. The appellant benefited from this agreement by having 5 days of his adjudged confinement suspended and not having to serve any post-trial confinement.

4. After trial, the convening authority's staff judge advocate (SJA) prepared an SJAR in which he summarized the appellant's Marine Corps' service record as follows: "(1) Length of service: 5 months. (2) Characterization of Service—Pro/Cons: 4.3/2.9. (3) Awards and decorations: The Army Achievement Medal, National Defense Service Medal, Southwest Asia Medal with two stars, Kuwait Liberation Medal, Army Service Ribbon, and the Silver Jump Wings. (4) Records of prior nonjudicial punishments: None. (5) Previous convictions: None. (6) Other matters of significance: None."

5. At the time that the SJAR was prepared, the awards page on the right side (standard pages) of the appellant's service record book indicated that he was not entitled to wear any awards or decorations. A DD Form 214 documenting the appellant's Army service was located on the left side (document pages) of his Marine Corps service record book. This discharge certificate indicated that the appellant had served in the Army on active duty from 24 November 1987 until 22 November 1991 when he was honorably discharged at the expiration of his term of service. The DD Form 214 also indicated that the appellant was entitled to wear the following decorations: Army Service Ribbon, Army Lapel Button, National Defense Service Medal, Southwest Asia Service Medal with two stars, Parachutist Badge, M–16 Sharpshooter Badge, Army Achievement Medal, CIB, and Expert Infantryman Badge.

---

**2.** Oral argument was heard offsite at the Pentagon before the U.S. Marine Corps Staff Judge Advocate's Conference.

6. The trial defense counsel specifically declined in writing to comment on any matter within the SJAR.

7. In taking his action on the case, the convening authority considered the results of trial, the pretrial agreement, and the SJAR.

8. In a post-trial affidavit, the trial defense counsel stated:

> When I was assigned to the case I was given a case file that contained the right side, and only the right side, of his Service Record Book. The awards page indicated that PFC Leslie was not entitled to wear any awards or decorations.
>
> During my interviews with PFC Leslie, he informed me that he was actually entitled to wear the various decorations listed on page 3 of the record of trial. Because what PFC Leslie had told me was different than what was contained in his SRB, I told the military judge that the SRB was incomplete.
>
> PFC Leslie was having some family trouble at home and wanted to get out of Quantico as soon as possible. I explained the various options to him including going to court or submitting a Separation in Lieu of Trial (SILT) request. Because of the processing time of the SILT, which was about four to six weeks, PFC Leslie decided that he would rather go to court with a time-served Pre–Trail (sic) Agreement (PTA). This would mean he could leave Quantico in no more than 5 days after trial assuming he received a Bad Conduct Discharge (BCD). The Convening Authority always made the time-served deals contingent on a BCD.
>
> I explained all the terms of the PTA to PFC Leslie to include the maximum sentence appendix that included the BCD contingency. I also explained the post-trial process to include submission of 1105 and 1106 matters. PFC Leslie decided to strike for the BCD and signed a letter to that effect. He further indicated to me that he did not desire to submit post-trial matters.
>
> Although the record indicates that PFC Leslie did not specifically ask for a BCD nor did I argue that he be given a BCD, I knew based on my prior experience with that judge and the amount of evidence I presented, that he would be given a BCD without having to specifically request it.

RULE FOR COURTS-MARTIAL 1106(d)(3)(C), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.], requires the SJA to include in his recommendation to the convening authority a "summary of the accused's service record, to include length and character of service, awards and decorations received, and any records of nonjudicial punishment and previous convictions." For the Department of the Navy, Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7C of 3 Oct. 1990, § 0151c, provides that "[a]n award, for the purpose of R.C.M. 1106(d)(3)(C), is defined as one specified in the Precedence of Awards Table of the Navy and Marine Corps Awards Manual or other issuing Service's award regulations, and which is recorded in the accused's field service record under the authority of service record-keeping regulations." Both sides agree that the CIB qualifies as an award under this definition and that it was error for the SJA not to mention it in the SJAR. The issue before us is whether the error prejudiced the appellant's opportunity to obtain clemency from the convening authority. *See* Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

In *United States v. Wheelus,* ── M.J. ──, No. 97–0599 (C.A.A.F. Sep. 30, 1998), our superior court articulated the proper process for resolving errors in the SJAR itself. In order to qualify for relief from an SJAR error, an appellant must first allege error, then allege prejudice as a result of the error, and finally, demonstrate how to resolve the error. *Id.,* slip op. at 12. Material prejudice to the substantial rights of an appellant exists "if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *Id.,* slip op. at 13 (quoting *United States v. Chatman,* 46 M.J. 321, 323–324 (1997)). If the appellant can meet this threshold test, then it is incumbent upon this court to remedy the error and provide meaningful relief, or return the case to the Judge Advocate General for a remand to a convening authority for a new post-trial recommendation and action. *Id.* In cases

where this court determines that an appellant has not been prejudiced, even though an error in the post-trial proceedings clearly exists, we are required to "articulate reasons why there is no prejudice." *Id.*

In this case, we conclude that the appellant has not met the threshold test. Although he has alleged, and we find, an error, he has not made a colorable showing of possible prejudice.

Initially, the appellant contended in a summary assignment of error that the omission of the CIB from the SJAR "constitute[d] plain error," citing *United States v. Demerse,* 37 M.J. 488 (C.M.A.1993)(SJA's failure to note accused's Vietnam awards and decorations in his SJAR was plain error). No specific prejudice was alleged. In his petition for reconsideration, the appellant defined the importance of a CIB, explaining that it demonstrated not only service in wartime, but service in active ground combat against enemy ground forces.[3] He then contended, again citing *Demerse,* that its omission from the SJAR was plain error and prejudicial. Again, however, no specific prejudice was alleged. The appellant simply argues that the omission of the CIB is presumptively prejudicial because of its importance. Although we acknowledge the importance of the CIB, the appellant has an obligation under *Wheelus* to articulate why in his particular case and under his particular circumstances the mention of this award in the SJAR would have made a difference to the convening authority, who was already apprised of the appellant's prior commendable Army service and his Persian Gulf service. The appellant failed to do this, and accordingly failed the threshold test of *Wheelus.*

Even assuming *arguendo* that the appellant had made a colorable showing of possible prejudice, we nonetheless conclude based on a review of the entire record that he was not in fact prejudiced. First, we note that the appellant had two opportunities to alert the sentencing authorities of his entitlement to the CIB and declined to do so on both occasions. At trial, he failed to notify the military judge of this award after the military judge specifically inquired on the record about the awards and decorations he was entitled to wear. On post-trial review, he failed to notify the convening authority that the award was omitted from the SJAR. Second, according to an affidavit from the trial defense counsel, the appellant wanted a bad-conduct discharge, signed a letter to that effect, and specifically told his trial defense counsel not to submit any post-trial matters under R.C.M. 1105 or 1106. *See United States v. Clear,* 34 M.J. 129, 132 (C.M.A.1992)(suggesting that post-trial affidavits from trial defense counsel may provide justification for counsel's actions or omissions); *United States v. Babbitt,* 26 M.J. 157, 158 (C.M.A.1988)(strategic error may be within bounds of reasonable tactical judgment). Third, the convening authority knew from the SJAR that the appellant had prior Army service in the Persian Gulf. Fourth, the appellant received the benefit he specifically negotiated from his pretrial agreement (a limit on confinement if a bad-conduct discharge were awarded). And fifth, the appellant received a relatively lenient sentence in light of the nature of the offense committed (a 4–month unauthorized absence offense terminated by apprehension) and the nature of the offender (a Marine who served only 5 months of a 4–year obligation and who went UA because he felt he was needed at home to assist his wife in taking care of their children). In view of the foregoing, we find no prejudice.

Accordingly, we again affirm the findings and the sentence, as approved on review below.

Senior Judge SEFTON and Judge ROLPH concur.

---

3. U.S. of Army Regulation (AR) 600–8–22, 25 Feb. 1995, ¶ 8–6b(1), provides that there are basically three requirements for the award of the CIB: "The soldier must be an infantryman satisfactorily performing infantry duties, must be assigned to an infantry unit during such time as the unit is engaged in active ground combat, and must actively participate in such ground combat." The intended requirement of being "engaged in active ground combat" is to be "personally present and under fire." AR 600–8–22, ¶ 8–6b(2)(d).